UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN HOOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-03174-SEB-DML |
| ) | |
| WEXFORD OF INDIANA, LLC, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Granting Defendant Alice Buckley's Motion for Summary Judgment**

Brian Hook is an inmate at Pendleton Correctional Facility. While working at his Facility job on April 6, 2020, he fell from a ladder and suffered severe injuries. Mr. Hook contends the Facility's treatment of his injuries was either completely ineffective or nonexistent. One of the defendants he has sued is Dr. Alice Buckley, a physician who previously worked at the Facility. (The other defendant is Wexford of Indiana, LLC, but Wexford is not relevant to this Order). Mr. Hook alleges Dr. Buckley was deliberately indifferent to his medical needs by refusing to properly treat or repair his teeth, failing to refer him to a dental specialist, ignoring his back injury, and allowing his medications to run out. Dkt. 1 at ¶ 25. Dr. Buckley seeks summary judgment[1] on the basis that she was not involved in Mr. Hook's medical treatment. Mr. Hook did not respond. For the reasons explained below, Dr. Buckley's unopposed motion for summary judgment, dkt [17], is **granted.**

---

[1] Dr. Buckley filed a motion to dismiss on March 25, 2021. Dkt. 17. The Court converted that motion to a motion for summary judgment on May 5, 2021. Dkt. 24; *see* Fed. R. Civ. P. 12(d).

## I. Standard of Review

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.* When reviewing a motion for summary judgment, the court views the record and draws all reasonable inference from it in the light most favorable to the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572 – 73 (7th Cir. 2021).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by showing— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325 (internal quotations omitted).

In this case, Dr. Buckley has met that burden. Because Mr. Hook failed to respond to Dr. Buckley's motion, the facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1; *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the summary judgment standard, but it does "[r]educe[] the pool"

from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Discussion

Dr. Buckley has moved for summary judgment arguing she was not employed by the Facility at the time Mr. Hook suffered his injuries. The undisputed facts are that Dr. Buckley worked at the Facility from January 7, 2020 through February 14, 2020, dkt. 17-1 at ¶ 2; she never provided Mr. Hook medical treatment, *id.* at ¶ 4; and that she was not working at the Facility in April 2020. *Id.* Dr. Buckley's timecard reflects her last day of work as February 14, 2020. Dkt. 17-2 at 2.

It is black letter law that a defendant cannot not be liable under Section 1983 unless they were personally involved in the alleged constitutional deprivation. *Johnson v. Rimmer*, 936 F.3d 695, 710 – 711 (7th Cir. 2019) ("In an action under § 1983, the plaintiff must establish individual liability . . . Thus, [the plaintiff] must be able to establish [the defendant's] personal involvement in the alleged constitutional deprivation.") (internal quotations and citation omitted); *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) ("Neither [of the defendants] may be held liable unless they had some personal involvement in the alleged constitutional deprivation."); *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ("Under any theory, to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.") (internal quotations and citations omitted).

There is no evidence Dr. Buckley treated Mr. Hook or was otherwise personally involved in his medical care. Mr. Hook was injured in April 2020. Dkt. 1 at ¶ 14. Dr. Buckley last worked at the Facility in February 2020, and she never treated Mr. Hook or participated in his care. Dkt.

17-1 at ¶¶ 2, 4. On this record, no rational jury could find Dr. Buckley was personally involved in any constitutional violation, so summary judgment is appropriate.

### III. Conclusion

For those reasons, Dr. Alice Buckley's motion for summary judgment, dkt. [17], is **GRANTED**. The **clerk is directed** to terminate Dr. Buckley from the docket. No final judgment shall enter at this time.

**IT IS SO ORDERED**.

Date: 11/23/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRIAN HOOK
211604
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ  KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com